IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL DUCKSWORTH**                                          **PETITIONER**

**V.**                                                               **CIVIL NO. 2:17-CV-15-KS-JCG**

**JACQUELINE BANKS**                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), filed by Petitioner Michael Ducksworth. Respondent Jacqueline Banks has filed a Motion to Dismiss (ECF No. 9) and Petitioner a Response (ECF No. 10). Having considered the submissions of the parties, the record, and relevant law, the undersigned United States Magistrate Judge recommends that Respondent's Motion to Dismiss (ECF No. 9) be granted and Ducksworth's Petition dismissed. Petitioner has failed to assert a violation of a constitutional right.

## BACKGROUND

In 1989, Petitioner Michael Ducksworth pleaded guilty to two counts of murder and one count of burglary. *Ducksworth v. State,* 103 So. 3d 762, 763 (Miss. Ct. App. 2012). Petitioner was sentenced to two consecutive life sentences to run concurrently and an additional five years for burglary. (ECF No. 3, at 9). Petitioner's judgment of conviction was entered in March 1989. *Id.* According to Mississippi's parole-eligibility statute, Petitioner had to serve at least one fourth of his burglary sentence and ten years of each murder sentence before becoming

eligible for parole. *Id.* (citing Miss. Code Ann. § 47-7-3(1) (Rev. 2011)). "Because the burglary sentence was concurrent with the life sentences, he became parole eligible in August 2008, the twentieth anniversary of his incarceration, when factoring in earned time." *Id.*

In 2009, Petitioner's co-defendant Ozia Booth was paroled. Petitioner was not. (ECF No. 1, at 5). Petitioner was denied parole in 2009, 2012, and 2016. (ECF No. 3, at 8; ECF No. 9, at 2 n.2). Petitioner does not challenge the merits of his pleas or sentences. Rather, he challenges the Mississippi Parole Board's denial of his request for release on parole. Petitioner argues that such denial violates his constitutional rights to due process and equal protection. Petitioner asks the Court to order "a just and meaningful parole hearing, and upon satisfaction of criteria, be released on parole." (ECF No. 1, at 15).

Respondent asserts that Petitioner has not stated a claim upon which relief may be granted. (ECF No. 9, at 1). Alternatively, Respondent argues that the Petitioner has failed to exhaust state court remedies with respect to the denial of parole in 2016. *Id.* Respondent does not address Ducksworth's denial of parole in 2009 or 2012, urging that any claims based upon those denials are time-barred under 28 U.S.C. § 2244(d)(1). (ECF No. 9, at 2 n.2).

## DISCUSSION

**A.    Standard of Review**

In considering whether a party has stated a claim upon which relief may be granted, the Court "accepts 'all well-pleaded facts as true, viewing them in the light

most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

A petitioner must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).

**B.**     **Failure to State a Constitutional Claim**

A habeas petitioner must allege that he or she has been "deprived of some right secured to him by the United States Constitution or the laws of the United States." *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984); *see* 28 U.S.C. § 2254(a). Petitioner has not. Ducksworth's claims do not implicate due process or equal protection concerns.

1.     Due Process

To invoke the protections of the due process clause, Petitioner must have a protected liberty interest at stake. "When a state has a system of mandatory parole, a liberty interest exists that implicates the procedural guarantees of the Due Process Clause." *Wansley v. Miss. Dep't of Corr.,* 769 F.3d 309, 312 (5th Cir. 2014).

Parole in Mississippi, however, is discretionary. By statute, parole decisions are solely within the discretion of the Mississippi Parole Board. *See* Miss. Code Ann. §§ 47-7-3, 47-7-17. It is well settled that the Mississippi parole statute, Mississippi Code Section § 47-7-3, does not create a constitutionally protected liberty interest. *See Smith v. Miss. Parole Bd.,* 478 F. App'x 97, 99 (5th Cir. 2012); *Scales v. Miss. State Parole Bd.,* 831 F.2d 565, 566 (5th Cir. 1987); *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984); *Wilde v. Miss. Parole Bd. Members,* No. 3:16-cv-408-TSL-MTP, 2016 WL 6495918 (S.D. Miss. Oct. 14, 2016), report and recommendation adopted, 2016 WL 6465471 (S.D. Miss. Oct. 31, 2016); *Lenoir v. Epps,* No. 5:04-cv-290-JCS, 2007 WL 951595, *2 (S.D. Miss. Mar. 27, 2007). Petitioner has no cognizable due process claim.

    2.    <u>Equal Protection</u>

To state a claim for an equal protection violation, a petitioner must allege that (a) a state actor intentionally discriminated against him because of membership in a protected class or (b) he has been intentionally treated differently from others similarly situated, and there is no rational basis for the difference in treatment. *Gibson v. Tex. Dep't of Ins. – Div. of Workers' Comp.,* 700 F.3d 227, 238 (5th Cir. 2012). If an equal protection claim does not involve a suspect class or a fundamental right, courts review state action using a rational basis test. *Delahoussaye v. City of Iberia,* 937 F.2d 144, 149 (5th Cir. 1991). Differential treatment survives rational basis scrutiny if the classification is rationally related to achieving a legitimate government interest. *Id.* The actual reason for a state

action is irrelevant for claims reviewed under rational basis scrutiny and will be upheld if "any state of facts reasonably may be conceived to justify [its discrimination]." *McGowan v. Maryland,* 366 U.S. 420, 426 (1961)). The burden is on the plaintiff to negate "every conceivable basis which might support [the classification]." *Heller v. Doe,* 509 U.S. 312, 320 (1993) (internal citation omitted).

In his Petition and Memorandum in Support, Petitioner did not allege that he was subjected to discriminatory treatment because of his race. Petitioner and his co-defendant Booth are both black. Petitioner instead alleged that "the parole board treated Petitioner and co-defendant different – with no expressed rational basis for the dissimilar treatment of these same situated prison inmates – in violation of the provisions of the Equal Protection of Law Clause." (ECF No. 3, at 11). Petitioner argued that he and Booth "were entitled to the same treatment in all relative matters surrounding this crime." *Id.* at 10.

Respondent has provided citations to two Mississippi Court of Appeals' decisions addressing Petitioner's motions for postconviction relief. *See Ducksworth v. State,* 103 So. 3d 762, 763-65 (Miss. Ct. App. 2012); *Ducksworth v. State,* 174 So. 3d 323, 323-25 (Miss. Ct. App. 2015). In these state-court proceedings, Petitioner advanced only a claim regarding Booth. With respect to Booth, Petitioner has failed to state a constitutional claim. There is no suspect classification at issue. Petitioner is merely claiming "inconsistent outcomes in particular, individual instances," which "furnishes no basis for relief." *Thompson v. Patteson,* 985 F.2d 202, 207 (5th Cir. 1993). The reasons provided by the Board for Petitioner's denial of parole

follow: In 2016, Petitioner was denied parole because of the serious nature of the offense, the number of offenses committed, and the Board believed that Petitioner's ability or willingness to fulfill the obligations of a law-abiding citizen was lacking. (ECF No. 9-3). In 2012, Petitioner was denied parole because of the serious nature of the offense, insufficient time served, and the Board believed that Petitioner's ability or willingness to fulfill the obligations of a law-abiding citizen was lacking. *Id.* In 2009, Petitioner was denied parole because of the serious nature of the offense, the number of offenses committed, probation unsatisfactory/violated, institutional disciplinary reports, recent/pending disciplinary reports, community opposition, insufficient time served, and the Board believed that Petitioner's ability or willingness to fulfill the obligations of a law-abiding citizen was lacking. *Id.* These stated reasons survive rational basis review.

In response to Petitioner's Motion to Dismiss, Petitioner attempts to buttress his Petition, stating: "In Petitioner's initial moving papers, in addition to referencing his co-defendant (who is also black), made another reference to a similar situated white inmate, (the only name of others known to Petitioner), who was granted parole over Petitioner, with Petitioner having the much better eligibility profile." (ECF No. 10, at 7). However, nowhere in Petitioner's "initial moving papers" is there a reference to a white inmate or a race-based claim. Petitioner's belated and conclusory assertion that he was denied parole because of his race over an unnamed, less-eligible white inmate is too vague and conclusory to state an equal protection claim. Petitioner has not identified the white inmate or explained

how they are similarly-situated. Petitioner has not alleged sufficient facts to state a plausible race-based equal protection claim. *See Clark v. Owens,* 371 F. App'x 553, 554 (5th Cir. 2010) (dismissing prisoner's conclusory equal protection claim regarding parole); *Kyles v. Garrett,* 222 F. App'x 427, 429 (5th Cir. 2007) (same). Also, the race-based claim is procedurally barred, as detailed below, because Petitioner has not presented this claim to the state courts.

**C.    Exhaustion**

The AEDPA requires that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carty v. Thaler,* 583 F.3d 244, 253 (5th Cir. 2009). The Mississippi Court of Appeals' 2012 opinion addressed Petitioner's claim that he should have been granted a parole hearing in 2008. *Ducksworth,* 103 So. 3d at 763. The Court of Appeals found that the Petition was moot because "[b]y the time Ducksworth filed his PCR motion, the Parole Board had acknowledged Ducksworth's parole eligibility of August 2008, had given him a hearing in October 2009, and had denied him parole." *Id.* at 765.

The Mississippi Court of Appeals' 2015 decision addressed Petitioner's complaint that his constitutional rights were violated because Booth was granted parole in 2009, while Petitioner was not. *Ducksworth,* 174 So. 3d at 323. The Court of Appeals found that "Ducksworth's petition clearly failed to state a claim upon which relief may be granted." *Id.* at 324. The due process claim failed because

Petitioner asserted no constitutionally recognized liberty interest. The decision also provided: "Had Ducksworth alleged that parole was denied based on his race or other factors recognized as prohibited from consideration by the United States Constitution, he may have stated a cognizable equal protection claim." *Id.* at 325 (citing *Mangum v. Miss. Parole Bd.,* 76 So. 3d 762, 770 (Miss. Ct. App. 2011)). This provision of the decision highlights that Petitioner did not present a race-based equal protection claim to the state courts. Petitioner has not offered argument or evidence to the contrary. Because Petitioner failed to give the State of Mississippi an opportunity to resolve the race-based equal protection claim through the State's appellate review process, habeas relief premised on such a claim is precluded under § 2254(b)(1)(A).

A petitioner may salvage his procedurally-barred habeas claims if he can demonstrate both cause for the default and actual prejudice resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered. *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (quoting *Hughes v. Quarterman,* 530 F.3d 336, 341 (5th Cir.2008)(quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991))). A petitioner may show cause by demonstrating that there was something "external to the petitioner, something that cannot be fairly attributed to him" which prevented him from complying with the state procedural rules. *Coleman,* 501 U.S. at 753. Petitioner has not offered anything which qualifies as cause, and the Court need not question whether there is actual prejudice. *Id.*; *see Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir v. Collins*, 956 F.2d

115, 118 (5th Cir. 1992)).

The miscarriage of justice exception is a "gateway" to obtain review of an otherwise procedurally-barred claim and is reserved for a petitioner who "is 'actually innocent' of either the offense giving rise to his conviction or 'actually innocent' of the death penalty." *McCleskey v. Zant,* 499 U.S. 467, 493-94 (1991) (citing *Schlup v. Delo,* 513 U.S. 298, 326–27 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 340 (1992)). Petitioner does not argue actual innocence. He pleaded guilty to the crimes which resulted in his convictions. Petitioner cannot proceed through the "gateway" and pursue his procedurally-barred claims.

In conclusion, Petitioner has not stated a claim for violation of due process or equal protection under a rational basis standard. As for Petitioner's belated allegation of a race-based equal protection violation, Petitioner's allegations are too conclusory to state a claim. Even if Petitioner stated a claim, it is barred by the exhaustion requirements of 28 U.S.C. § 2254(b). The undersigned will not address exhaustion with respect to any other claims because sufficient briefing and information has not been provided. The undersigned has not addressed Respondent's argument that claims arising from the 2009 and 2012 parole decisions are time-barred. No briefing was offered in support of this argument.

## RECOMMENDATION

It is recommended that Respondent Jacqueline Banks' Motion to Dismiss (ECF No. 9) be granted and Ducksworth's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus dismissed.

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); see 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 10th day of January, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE